# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:09-CR-0303-ODE-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:12-CV-1884-ODE-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter is currently before the Court on movant Juan Hernandez's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 110], the government's response thereto, [Doc. 112], and Hernandez's reply, [Doc. 113]. For the following reasons, the undersigned **RECOMMENDS** that Hernandez's § 2255 motion be denied.

## I. PROCEDURAL HISTORY

A federal grand jury returned an indictment charging Hernandez with using a facility of interstate commerce with the intent that murder-for-hire be committed, in violation of 18 U.S.C. § 1958. [Doc. 10]. Hernandez pleaded not guilty, [Doc. 15], and the case initially went to trial on January 19, 2010, [Doc. 52]. However, a mistrial was declared on January 21, 2010, [Docs. 55, 62], and the case was retried beginning

on March 29, 2010, [Doc. 74]. Retained counsel, Daniel Ortiz, represented Hernandez at trial. [Docs. 37, 74-75, 80]. The jury found Hernandez guilty, [Doc. 77], and the Court sentenced him to 120 months of imprisonment, [Doc. 85].

Hernandez filed a notice of appeal, [Doc. 86], and the Court appointed Robert Marcovitch as Hernandez's appellate counsel, [Doc. 91]. On appeal, Hernandez argued that there was insufficient evidence to support his conviction. United States v. Hernandez, 423 F. App'x 935, 936 (11th Cir. 2011) (per curiam) (unpublished). The Eleventh Circuit affirmed Hernandez's conviction on April 19, 2011.

On May 30, 2012, Hernandez timely filed this pro se § 2255 motion, arguing that his trial counsel was ineffective for failing to (1) advise the Court that Hernandez wanted to accept the government's plea offer, (2) raise at sentencing the issue of disparity in sentence length, and (3) argue additional mitigating factors at sentencing. [Doc. 110 at 4-5, 7]. The government responds that Hernandez rejected the government's plea offer before trial and cannot show that he was prejudiced by counsel's omissions at sentencing. [Doc. 112 at 13-24]. Hernandez replies that his sentence, which greatly exceeds the government's plea offer and the sentence imposed in a similar case, demonstrates that he was prejudiced by counsel's omissions at sentencing. [Doc. 113 at 2-3].

2

## II. DISCUSSION

### A. Legal Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged,

3

but a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. First, a defendant asserting a claim of ineffective assistance of counsel must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) (citation omitted) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . ."). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden."). In order to meet the second prong of Strickland, a petitioner must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate prejudice, a movant "must show

4

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

## B.   Ground One: Plea Offer

In ground one, Hernandez contends that, after his first trial ended in a mistrial, he agreed to accept the government's plea offer of four to five years, but his attorney refused to notify the Court and proceeded with the retrial. [Doc. 110 at 4]. Defense counsel renders ineffective assistance by allowing a favorable plea "offer to expire without advising the defendant or allowing him to consider it." Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012). Defense counsel is also ineffective by providing defendant incompetent advise to reject a favorable plea offer. Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). In order to establish prejudice based on a rejected plea offer,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court ( i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at 1385.   Additionally,

5

> [T]he representations of the defendant, his lawyer, and the prosecutor at . . . a hearing . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Before Hernandez's second trial, the Court held a pre-trial conference, at which Hernandez was present, to ensure that Hernandez was aware of the government's plea offer. [Docs. 68, 114]. The prosecutor gave the Court its best estimate of Hernandez's guideline range, noting that it differed from the range that would apply with acceptance of responsibility, and stated that Hernandez faced a possible maximum sentence of ten years of imprisonment. [Doc. 114 at 5-6, 9-10]. The prosecutor explained that, before Hernandez's first trial, the government offered him a four and a half year plea deal. [Id. at 5]. Also before the first trial, Hernandez made a counter offer of two years, which the government rejected. [Id.]. After the mistrial, the government offered Hernandez three years. [Id.]. Hernandez's trial counsel advised the Court that Hernandez had rejected the offer, stating that "credit for time served is the maximum that he would be willing to accept." [Id. at 3]. Hernandez has not met his burden to

6

show prejudice because this record evidence demonstrates that he would not have accepted the plea offer. See Lafler, 132 S. Ct. at 1285; Blackledge, 431 U.S. at 73-74.

Moreover, "[w]here a defendant was aware of the plea offer, was fully informed of the nature of the charges and potential sentences, and did not object to its rejection, his claim of ineffective assistance of counsel regarding the plea offer fails." Smith v. Florida, 269 F. App'x 871, 874 (11th Cir. 2008) (per curiam) (unpublished) (citing Diaz, 930 F.2d at 834-35). If Hernandez was concerned that counsel did not communicate his wish to accept the plea offer, he could have advised the Court that he wanted to accept the offer either at the pre-trial conference or during trial, but did not do so. "Given [Hernandez's] awareness of the plea offer, his after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." Diaz, 930 F.2d at 835. Accordingly, the undersigned finds that Hernandez is not entitled to relief as to ground one.

## C. Ground Two: Sentencing Disparity

In ground two, Hernandez claims that trial counsel was ineffective at sentencing for failing to argue and preserve the issue of disparity in sentence length. [Doc. 110 at 5]. Hernandez cites 18 U.S.C. § 3553(a)(6), which provides that a sentencing court

7

"shall consider-- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and United States v. Preacher, 631 F.3d 1201, 1202-03 (11 th Cir. 2011), where a defendant who ordered a murder for hire over a cell phone to an undercover federal agent and later attempted to call off the murder received a three-year sentence. [Doc. 110 at 5].

Although a sentencing court must consider the factors set forth in § 3553(a), the district court is not required to "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1357 (11th Cir. 2006) (citation omitted); see also United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005) (per curiam) (stating that the district court need not "conduct an accounting of every § 3553(a) factor, . . . and expound upon how each factor played a role in its sentencing decision"). The record in this case reflects that the district court considered the factors under § 3553(a), noting that the nature and circumstances of the crime indicated that Hernandez intended to kill the victim, that he had "not had any prior criminal convictions," and that his illnesses could "be adequately treated within the prison system." [Doc. 99 at 11-12]; see also 18 U.S.C. § 3553(a)(1) (providing that the sentencing court should consider "the nature and circumstances of the offense and the history and characteristics of the defendant").

8

The Court stated that Hernandez's "determination to have this man killed and to have this other person seriously maimed . . . warrant[ed] a very serious sentence" and that "120 months is not too long a sentence for an attempt to murder somebody." [Doc. 99 at 13-14]. Given this statement, and because the Court considered the factors under § 3553(a) and was not required to mention every factor when imposing sentence, Hernandez cannot show that, had counsel made the disparity argument, his sentence would have been lighter. Thus, Hernandez is not entitled to relief on ground two because has not met his burden to show prejudice. See Strickland, 466 U.S. at 694.

**D.   Ground Three: Mitigating Factors**

Finally, in ground three, Hernandez asserts that trial counsel was also ineffective at sentencing for failing to argue other § 3553(a) mitigating factors, namely Hernandez's "lengthy record of law-abiding citizenship" and that he had attempted to call off the murder for hire. [Doc. 110 at 7]. This ground lacks merit because the Court expressly considered Hernandez's lack of a criminal history in imposing sentence and further stated that it believed, based on the evidence presented at trial, that Hernandez "really wanted" the victim killed. [Doc. 99 at 12-13]. Moreover, Hernandez argued on appeal that "he revoked his requisite intent by informing the undercover officers (posing as hit men) during their final meeting that he wanted them

9

only to harm, but not kill, the individual." Hernandez, 423 F. App'x at 936. The Eleventh Circuit rejected this argument based on its holding in Preacher that "'once the defendant uses an instrument of interstate commerce with the intent that a murder-for-hire be committed, the crime is completed,'" and it therefore "'can no longer be abandoned.'" Id. (citing Preacher, 631 F.3d at 1203-04). Thus, because the Court considered Hernandez's criminal history and both the sentencing judge and the Eleventh Circuit rejected his abandonment argument, he cannot show prejudice as to ground three. See Strickland, 466 U.S. at 694.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for

AO 72A
(Rev.8/82)

that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Hernandez's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 110], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 20th day of September, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)