FILED IN CHAMBERS
U.S.D.C. - Atlanta

OCT 2 2 2012

James ~~~~~~, Clerk
By: AmCauee
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ,<br>Movant, | :: :: :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | :: :: | CRIMINAL NO.<br>1:09-CR-0303-ODE-RGV-1 |
| UNITED STATES OF AMERICA,<br>Respondent. | :: :: :: | CIVIL ACTION NO.<br>1:12-CV-1884-ODE |

## FINAL ORDER

This matter is currently before the Court on the Final Report and Recommendation ("R&R") issued by Magistrate Judge Russell G. Vineyard (Doc. 115) and Juan Hernandez's ("Movant's") objections thereto (Doc. 117). The Court reviews de novo the portions of the R&R to which Petitioner has objected and reviews for plain error the remaining portions. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

Following Movant's conviction for using a facility of interstate commerce with the intent that murder-for-hire be committed, in violation of 18 U.S.C. § 1958, the Court sentenced him to 120 months of imprisonment. (Docs. 10, 77, 85). Movant appealed, and the Eleventh Circuit affirmed his conviction on April 19, 2011. United States v. Hernandez, 423 F. App'x 935 (11th Cir. 2011) (per curiam) (unpublished).

On May 30, 2012, Movant timely filed this pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his trial counsel was ineffective for failing to (1) advise the Court that Movant wanted to accept the government's plea offer, (2) raise at sentencing the issue of disparity in sentence length, and (3) argue additional mitigating factors at sentencing. (Doc. 110 at 4-5, 7). The government responds that Movant rejected the government's plea offer before trial and cannot show that he was prejudiced by counsel's omissions at sentencing. (Doc. 112 at 13-24). Movant replies that his sentence, which greatly exceeds the government's pretrial offer and the sentence imposed in a similar case, demonstrates that he was prejudiced by counsel's omissions at sentencing. (Doc. 113 at 2-3).

On September 20, 2012, the Magistrate Judge issued his R&R, recommending that the § 2255 motion and a certificate of appealability ("COA") be denied. (Doc. 115 at 11). The Magistrate Judge found that Movant could not show prejudice as to ground one because the transcript of the March 23, 2010 pre-trial conference demonstrates that Movant did not wish to accept the government's plea offer. (Id. at 5-6). Specifically, Movant was aware of the plea offer, fully informed of the nature of the charge against him and potential sentence, and did not object when counsel stated that Movant had rejected the offer. (Id. at 6). As to ground two, the Magistrate

2

Judge found that the record reflects that the Court considered the factors set forth in 18 U.S.C. § 3553(a) and was not required to mention every factor when imposing sentence, and that Movant could not show that, had counsel made the disparity argument, the Court would have imposed a lighter sentence. (Id. at 8-9). Finally, the Magistrate Judge found that ground three fails because the Court expressly considered Movant's lack of a criminal history, and both this Court and the Eleventh Circuit rejected Movant's abandonment argument. (Id. at 9-10).

In his objections, Movant states that he is entitled to an evidentiary hearing, generally reasserts the merits of his grounds for relief, and references his reply brief. (Doc. 117). Movant maintains that the Magistrate Judge erred by not conducting an evidentiary hearing and by relying on the pretrial conference transcript to resolve ground one, in light of Movant's "limited grasp of the English language, and virtually NO knowledge of the law, and the fact that the Magistrate Judge did not attend [his] trial." (Id. at 3). The Magistrate Judge correctly noted that counsel's transcribed statements "constitute a formidable barrier" in this collateral proceeding, and "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). The Court finds no error in the Magistrate Judge's rejection of ground one. See Smith v. Florida, 269 F. App'x 871,

3

874 (11th Cir. 2008) (per curiam) (unpublished); Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991).

Next, Movant contends that sentencing disparity was such an important issue in his case that it was error for the Court not to expressly address it at sentencing. (Doc. 117 at 3-4). However, the Court did consider the factors under § 3553(a) and was not required to mention every factor when imposing sentence. United States v. Thomas, 446 F.3d 1348, 1357 (11th Cir. 2006) (citation omitted); United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005). Although Movant believes that his sentence was unreasonable, he has not shown that he would have received a lighter sentence but for counsel's alleged ineffectiveness during sentencing. After careful consideration, the Court concludes that the R&R is correct.

Accordingly, the Court **OVERRULES** Movant's objections (Doc. 117); **ADOPTS** the R&R (Doc. 115) as the opinion and order of the Court; **DENIES** the § 2255 motion; **DISMISSES** this action; and **DECLINES** to issue a COA.

**SO ORDERED**, this 22 day of October, 2012.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)